09-2889-ag
He v. Holder

BIA
Lamb, IJ
A079 333 570

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 22nd day of March, two thousand ten.

PRESENT:
> RALPH K. WINTER,
> JOSÉ A. CABRANES,
> GERARD E. LYNCH,
> *Circuit Judges.*

_____

ZU PING HE,
> *Petitioner,*

v.                                        09-2889-ag

                                          NAC

ERIC H. HOLDER, Jr., U.S. ATTORNEY
GENERAL,
> *Respondent.*

_____

FOR PETITIONER:        Yimin Chen, New York, New York.

FOR RESPONDENT:        Tony West, Assistant Attorney
                       General, Ernesto H. Molina, Jr.,
                       Assistant Director, M. Lee Quinn,
                       Trial Attorney, Office of
                       Immigration Litigation, Civil
                       Division, United States Department
                       of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED in part and DISMISSED in part.

Petitioner Zu Ping He, a native and citizen of the People's Republic of China, seeks review of a June 8, 2009, order of the BIA affirming the December 10, 2007, decision of Immigration Judge ("IJ") Elizabeth A. Lamb, pretermitting his application for asylum, and denying his application for withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Zu Ping He*, No. A079 333 570 (B.I.A. June 8, 2009), *aff'g* No. A079 333 570 (Immig. Ct. N.Y. City Dec. 10, 2007). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Under the circumstances of this case, we review the BIA's affirmance of the IJ's adverse credibility determination. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable factfinder could make such an adverse credibility ruling." *Xiu Xia Lin*

2

*v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008). Because the BIA declined to reach the IJ's pretermission of He's asylum application or her alternative burden of proof finding, we assume for purposes of our analysis that the BIA rejected those findings.

Before this Court, He argues that: (1) the IJ erred in finding him ineligible for CAT relief; and (2) he was prejudiced by the IJ's denial of his motion for a change of venue. However, He failed to make those arguments on appeal to the BIA. Accordingly, we lack jurisdiction to consider them in the first instance and dismiss the petition for review to that extent. *See* 8 U.S.C. § 1252(d)(1).

Substantial evidence supports the IJ's adverse credibility determination. As the IJ noted: (1) although He testified that a family planning official punched him, his asylum application omitted that assertion; and (2) although He testified that family planning officials forced his wife into a car and took her to the hospital for sterilization, his asylum application stated that his wife "followed them to the hospital" because "[she] knew [he] was the only financial source of the family . . . ." He argues that the omission did not contradict his testimony, and that the

3

statement in his application concerning his wife merely suggested her "subjective mind." However, the agency was entitled to rely on these discrepancies to find He not credible. *See* 8 U.S.C. § 1158(b)(1)(B)(iii).

Accordingly, considering the totality of the circumstances and all relevant factors, the IJ's adverse credibility determination was supported by substantial evidence. As the only evidence of a threat to He's life or freedom depended upon his credibility, the adverse credibility determination in this case necessarily precludes success on his claim for asylum and withholding of removal. *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED in part and DISMISSED in part. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4